UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR B. VASQUEZ, | No. 2:17-cv-2579 KJN P |
| Petitioner, | |
| v. | ORDER |
| SCOTT FRAUENHEIM, | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Fresno Division of this court. On December 8, 2017, the action was transferred to the Sacramento Division, and on December 13, 2017, petitioner was ordered to submit an application to proceed in forma pauperis, or pay the appropriate filing fee. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Petitioner has now filed an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). (ECF No. 1 at 2.) As set forth below, petitioner's motion is granted.

1

## II. Petitioner's Arguments

Petitioner states that he has exhausted all of the claims contained in the instant petition because such claims were included in his direct appeal and petition for review filed in the California Supreme Court. However, petitioner has not exhausted ineffective assistance of counsel claims which he claims are presently pending in the Yolo County Superior Court. Petitioner seeks to stay his federal habeas petition while he continues to exhaust such unexhausted claims in state court. Petitioner concedes that the filing of his petition was delayed, but argues that was not intentionally dilatory and had good cause for such delay. First, petitioner did not receive the trial transcript until October of 2016. Because petitioner was represented by counsel, he could not assert self-representation or secure earlier access to the transcripts. (ECF No. 2 at 23.) Because he is indigent, he could not afford to pay for the transcripts himself. Thus, petitioner could not earlier attach transcripts to support his claim. Second, petitioner's indigence also posed an obstacle to supporting his ineffective assistance of counsel claims. Petitioner lacked the funds to hire a doctor to review medical records and provide an expert opinion as to petitioner's physical inability to commit the crime. Over a period of eight months, petitioner solicited friends and family to assist petitioner in obtaining a doctor who might consider providing such assistance on a pro bono basis, to no avail. Finally, petitioner located another prisoner whose friend is a doctor who practices at Stanford Medical Center, and who agreed to do the work without a fee. (ECF No. 2 at 24.) The doctor's assistance was enlisted in late May, 2017. Third, petitioner encountered delay in obtaining his medical records from U.C. Davis, both in getting them to respond and in paying the costs for the records, as well as for additional fees due an investigator hired to coordinate with the doctor and to obtain further declarations in support. Petitioner's wife was unable to pay such fees until after she received her tax refund in April. (ECF No. 2 at 25.)

Petitioner avers that his delay in raising these claims in state court was due to the ineffective assistance of counsel, who failed to raise the claims on direct appeal. Fourth, petitioner's efforts were frustrated by his high-school equivalent education and lack of any formal or informal training on collateral attacks. Petitioner diligently sought help from other inmates, as

well as studying in the prison law library. The habeas petition filed in the Yolo County Superior Court was written by a fellow inmate. (ECF No. 2 at 25-26.) In addition, petitioner diligently read the over 5,000 page trial transcripts once received, and simultaneously sought financial assistance to hire counsel. (Id.) In terms of delay, petitioner notes that by comparison it took appellate counsel nine months to file the opening brief on appeal, thus petitioner's ten month delay under the circumstances should also be reasonable. (ECF No. 2 at 28.) Fifth, petitioner argues that because appointed counsel in capital habeas cases are afforded 36 months to prepare their first petition, allowing ten months in a non-capital habeas case should also be reasonable.

Finally, petitioner argues that his ineffective assistance of counsel claims have merit. He provided the expert opinion of a medical doctor who opines that petitioner was physically unable to commit the crime, and because petitioner is factually innocent of the crime, his case should be decided on the merits.

III. Applicable Law

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[1] The Supreme Court made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay under Rhines may not be indefinite; reasonable

---

[1] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

3

time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

IV. Discussion

    A. Good Cause

"The case law concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good cause" test is less stringent than an 'extraordinary circumstances' standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a petitioner cannot establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008). Ineffective assistance of post-conviction counsel can constitute good cause for a Rhines stay. Blake v. Baker, 745 F.3d at 983. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84. Recently, the Ninth Circuit held that a total absence of post-conviction counsel will constitute good cause. Dixon, 847 F.3d at 721.

Here, petitioner provides a copy of his state habeas petition filed in the Yolo County Superior Court that confirms petitioner is proceeding pro se in his state collateral challenges. Under Dixon, the absence of post-conviction counsel is sufficient to establish good cause for a stay under Rhines. See Dixon, 847 F.3d at 714, 721.

////

////

B. Potentially Meritorious Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722 (quoting Rhines, 544 U.S. at 277). A claim is "plainly meritless" only if "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). A petitioner satisfies this showing by presenting a "colorable" claim. Dixon, 847 F.3d at 722; Lucas v. Davis, 2017 WL 1807907, at *9 (S.D. Cal. May 5, 2017) (citing Dixon and using the "'colorable claim' standard to analyze whether a claim is 'plainly meritless.'").

Here, petitioner alleges that defense counsel failed to investigate or interview critical witnesses who would testify as to petitioner's physical disabilities, as well as petitioner's brother Luis Rodriguez' admissions that he, not petitioner, was responsible for the assaults on the victims. In view of the limited record before the court at this stage of the proceedings, this court cannot conclude that such claims are plainly without merit. A failure by trial counsel to investigate and present mitigating evidence may constitute ineffective assistance of counsel. See Rompilla v. Beard, 545 U.S. 374, 392-93 (2005); Wiggins v. Smith, 539 U.S. 510, 522-23 (2003); Lord v. Wood, 184 F.3d 1083, 1093 (9th Cir. 1999) ("A lawyer who fails to investigate, and to introduce into evidence, information that demonstrates his client's factual innocence, or that raises sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance."). If petitioner can prove such allegations, a court could find that his constitutional rights were violated by ineffective assistance of counsel. Because such ineffective assistance of counsel claims are "colorable," see Cassett, 406 F.3d at 623-24, and not plainly meritless, this prong of Rhines is satisfied.[2]

C. Intentionally Dilatory Tactics

Finally, as a third factor to consider, the Supreme Court stated that "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 278.

---

[2] The discussion of the potential merit of petitioner's unexhausted claims is not a determination of the merits of such claims.

5

Here, there is no evidence of intentionally dilatory litigation tactics. Indeed, petitioner provided detailed facts as to his diligence in developing evidence to support his claims. Also, petitioner has been diligently pursuing his state court remedies even while this action has been pending. On February 13, 2018, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.[3] Thus, petitioner is expeditiously exhausting his state court remedies as to the ineffective assistance of counsel claims.

V. Conclusion

For all of these reasons, petitioner's motion for stay is granted. While the court grants petitioner's motion for stay, petitioner is cautioned that he must promptly seek to lift the stay and file a motion to amend his petition, accompanied by the amended petition, once the California Supreme Court addresses his petition. Rhines, 544 U.S. at 278 (District courts must "place reasonable time limits on a petitioner's trip to state court and back."). Thus, petitioner is directed to file such motions in this court within thirty days from the date the California Supreme Court issues a final order resolving his unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's motion for stay and abeyance (ECF No. 2) is granted;

3. Within thirty days from the date the California Supreme Court issues a final order resolving petitioner's unexhausted claims, petitioner is directed to file in this court a motion to lift the stay and motion to amend, as set forth above; and

4. The Clerk of the Court is directed to administratively terminate this action.

Dated: March 5, 2018

/vasq1419.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.