UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR B. VASQUEZ, | No.  2: 17-cv-2579 KJN P |
| Petitioner, | |
| v. | ORDER |
| SCOTT FRAUENHEIM, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the undersigned requires petitioner to file a status report concerning exhaustion of state court remedies.

On March 5, 2018, this action was stayed so that petitioner could exhaust his unexhausted claims in state court.  (ECF No. 10.)  Petitioner was ordered to file a motion to lift the stay and a motion to amend within thirty days from the date the California Supreme Court issues a final order resolving petitioner's unexhausted claims.  Over three years have passed, and petitioner has not subsequently filed a petition for writ of habeas corpus in the California Supreme Court.[1]

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California

However, it appears that on May 10, 2018, the California Court of Appeal for the Third District of California issued to the Yolo County Superior Court an order to show cause why the relief sought should not be granted. In re Salvador Benjamin Vasquez on Habeas Corpus, Case No. C086472.[2] On May 31, 2018, the trial court acknowledged receipt of the original appellate court file. Id. Because Yolo County Superior Court records are not available online, it is unclear whether the petition remains pending in the superior court, or whether a decision has issued.

As stated in the March 5, 2018 order, the Supreme Court requires that this court "place reasonable time limits on a petitioner's trip to state court and back." Rhines v. Weber, 544 U.S. 269, 278 (2005). Thus it is imperative that petitioner diligently exhaust his state court remedies without undue delay. Petitioner is directed to file a status report as to the status of his efforts to exhaust his state court remedies. Petitioner is cautioned that failure to file a status report or otherwise respond to this order may result in a recommendation that this action be dismissed for failure to comply with a court order or lack of prosecution. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, petitioner shall file a status report detailing his efforts to exhaust his state court remedies.

Dated: November 22, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vasq2579.sty.fb

---

state courts is www.courts.ca.gov.

[2] The docket entry states: "This court has concluded petitioner presented his claims without undue delay and, absent additional evidence to the contrary, the petition for writ of habeas corpus was presented in a timely manner to the superior court in the first instance. (See In re Harris (1993) 5 Cal.4th 813, 829, fn. 7.) Further, based on petitioner's claims and the supporting evidence, it appears an evidentiary hearing might be required. (See Cal. Rules of Court, rule 4.551(c), (f).) Accordingly, let an order to show cause issue returnable before the Yolo County Superior Court to be heard when placed on calendar by that court, why the relief prayed for in this proceeding should not be granted. The written return to this order to show cause is to be served and filed by June 11, 2018, or on such other date as determined by the superior court. [¶] Upon proper request, the superior court will appoint counsel to represent petitioner." Case No. C086472 (May 10, 2018).