UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR B. VASQUEZ, | No. 2:17-cv-2579 KJN P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| SCOTT FRAUENHEIM, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se. On November 22, 2021, petitioner was directed to file, within thirty days, a status report detailing his efforts to exhaust his state court remedies. (ECF No. 11.)[1] Petitioner was cautioned that failure to file a status report or otherwise respond to such order may result in a recommendation that this action be dismissed for failure to comply with a court order or lack of prosecution. See Fed. R. Civ. P. 41(b).

---

[1] This court does not have access to Yolo County Superior Court records to determine the outcome of the state appellate court's order to show cause issued to the Yolo County Superior Court on May 10, 2018. However, the website for the California Supreme Court confirms that as of January 5, 2022, petitioner had not filed a petition for writ of habeas corpus raising his unexhausted ineffective assistance of counsel claims. This court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

Thirty days have now passed, and petitioner failed to file a status report or otherwise respond to such order.[2]  Therefore, within fourteen days from the date of this order, petitioner shall show cause why the stay of this action should not be lifted, and this action dismissed based on petitioner's failure to comply with court orders and diligently prosecute this action.  Failure to show cause or otherwise respond to this order will result in a recommendation that this action be dismissed.  Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order, petitioner shall show cause why the stay of this action should not be lifted, and this action be dismissed based on petitioner's failure to comply with court orders and to diligently prosecute this action.

Dated:  January 6, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vasq2579.osc

---

[2]  The CDCR website confirms that as of January 5, 2022, petitioner remains in state custody and is housed at California State Prison, Solano, his current address of record.  The Court may take judicial notice of public records available on online inmate locators.  See Pacheco v. Diaz, 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system); Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (same).